**Notice:** Read the terms of this Plan carefully.  Your rights as a creditor may be modified herein and upon confirmation by the Court you will be bound by the terms of this Plan.

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| IN RE:<br><br>Mark Wesley Vickroy<br>DEBTOR(S). | CASE NO.  11-03550<br>CHAPTER 13 PLAN |
|---|---|

1. **PAYMENTS BY AND OBLIGATIONS OF THE DEBTORS:**

   a. The debtor will pay to the trustee **$1,110.00 for 60 months**, beginning within 30 days after the filing of this proceeding for a total of **$66,600.00** The debtor submits all or such portion of debtors' future earnings or other income as is necessary for the execution of the plan to the control of the trustee. 11 U.S.C. Section 1322 (a)(l).

   b. The debtor shall, each year during the course of this plan, provide the Trustee with copies of their income tax returns when completed and filed and will turn over to the Trustee all refund monies received, state and federal, for application on this Plan.

2. **PAYMENTS BY THE TRUSTEE:**

   The trustee will make payments only to creditors for which proofs of claim have been filed. The trustee will make payments monthly as funds are available and collect the trustee's statutory percentage fee as may be fixed by the Attorney General. Unless ordered otherwise, the trustee will not make any payments until the plan is confirmed. Unless specified otherwise, the trustee shall pay secured and priority claims on a prorata basis prior to payments to unsecured creditors. Payments will accumulate and be paid following confirmation.

3. **ADMINISTRATIVE PRIORITY CLAIMS:**

   The trustee shall pay in full, in deferred cash payments, all claims entitled to priority under 11 U.S.C. Section §507(a)(2), including the following unless the holder of a particular claim agrees to a different treatment. 11 U.S.C. Section 1322(a)(2). The amounts listed are estimates only, the trustee will pay the amounts actually allowed.

   | CREDITOR | ESTIMATED CLAIM |
   |---|---|
   | a. Estimated Attorney Fees to be paid through plan<br>(total fees as approved by Court Order | $1,000.00 |

after Application by debtors attorney)

4. **PRIORITY CLAIMS:**

The trustee shall pay in full, in deferred cash payments, all claims entitled to priority under 11 U.S.C. Section §507(a)(8), including the following unless the holder of a particular claim agrees to a different treatment. 11 U.S.C. Section 1322(a)(2). The amounts listed are estimates only, the trustee will pay the amounts actually allowed.

| CREDITOR | ESTIMATED CLAIM |
|---|---|
| Internal Revenue Service | $700.00 |
| Justice Court, Laughlin Township | $300.00 |

5. **HOME MORTGAGE DEFAULT §1322(b)(5)**

The trustee will cure defaults without interest on claims secured by a security interest in real property that is the debtor's principal residence. The debtor will maintain the regular payments which come due after the date the petition was filed. The creditors will retain their liens. The amounts of default shown below are estimates only, the trustee will pay the amounts actually allowed.

| CREDITOR | AMOUNT OF DEFAULT |
|---|---|
| None | |

In the event that this Plan proposes that Debtors are to pay real estate home mortgage payments on a post-petition basis outside the Plan directly to the mortgage lender, all post-petition payments so made, if paid within five *(5)* days of the monthly due date of said payments, shall be deemed timely payments by the creditor and shall not accrue late charges.

**NOTE:  It is the debtor's intent to surrender the real property located at 901 West 3rd Street in Jasper, Iowa, which is subject to a secured claim to Beneficial Financial pursuant to 11 U.S.C. 1325(a)(5)(c).**

**NOTE: It is the debtors' intent that any claim not specifically provided for in this paragraph is deemed to be an unsecured claim and shall be treated and classified as such for purposes of determining the manner in which the trustee will pay the claim.**

6. **OTHER SECURED CLAIMS:**

The trustee will make payments to the following secured creditors equal to the allowed amount of the creditor's secured claim with **interest at the rate of 5.0%**. The creditor's allowed secured claim shall be the creditor's allowed claim or the value of the creditor's interest in the

debtors' property, whichever is less. The creditor shall retain the lien securing such claim until the amount for which the claim is allowed as secured is paid in full 11 U.S.C. Sections §§1325(a)(5)(B)(i); 1327(c).

**NOTE: NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, UNLESS AN OBJECTION TO THE PLAN IS FILED WITHIN THE TIME FIXED BY THE BAR DATE NOTICE, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. §1327 AND CONFIRMATION OF THE PLAN WILL BE CONSIDERED A DETERMATION OF THE CREDITOR'S ALLOWED SECURED CLAIM UNDER 11 U.S.C. §506(a).**

| CREDITOR | CLAIM AMOUNT | PAYMENT AMOUNT |
|---|---|---|
| Citifinancial | $6,000.00 | $113.23 |

DEBTOR INTENDS THAT THE SECURED CLAIM OF CITIFINANCIAL BE REDUCED TO THE CURRENT VALUE OF THE SECURED COLLATERAL AND THE REMAINDER OF THE CLAIM BE PAID AS AN UNSECURED CLAIM.

DEBTOR INTENDS TO CONTINUE TO MAKE THE PAYMENT FOR THE 1999 MERCURY GRAND MARQUIS TO ADVANTAGE CREDIT UNION OUTSIDE THE PLAN.

**NOTE: Upon full payment by the trustee of the allowed secured claim, the lien securing such claim shall be deemed discharged and is to be released by said creditor and the title to any vehicle or property held by the creditor shall be delivered to the debtor with any lien notation thereon released.**

**NOTE: It is the debtors' intent that any claim not specifically provided for in this paragraph is deemed to be an unsecured claim and shall be treated and classified as such for purposes of determining the manner in which the trustee will pay the claim.**

7. **TIMELY FILED UNSECURED CLAIMS:**

   a. The debtors are allowed to classify an unsecured consumer claim differently if it is guaranteed by another individual. 11 U.S.C. §1322 (b)(l).

   b. The trustee will pay holders of non-priority unsecured claims for which proofs of claims are timely filed the balance of all payments received by the trustee and not paid under paragraph 3, 4, 5 and 6 their pro rata share of approximately $54,619.59 (estimated dividend 100%).

**NOTE: The actual dividend paid by the trustee may vary depending upon allowance of secured and priority claims, as well as the total sum of unsecured claims filed and allowed.**

**NOTE: No interest accruing after the date of filing of the petition shall be allowed on claims of unsecured creditors. Unmatured interest shall be rebated in determining the allowed amount of any such claim. 11 U.S.C. Section 502(b)(2).**

**7. OTHER PROVISIONS:**

      a.    Any post-petition claim allowed under 11 U.S.C. §1305 shall be paid in full. If such payment results in a reduction in the amount to general unsecured creditors, the Debtor hereby agrees to amend this Plan to ensure payment to said creditors as originally contemplated.

      b.    Debtor reserves the right to object to any proof of claim filed herein to contest it in amount, form or content and to require that the claim presented be properly supported by documentation as required by this court under applicable federal and state law.

      c.    The following creditors hold liens which are either judicial or non-possessory, non-purchase money liens encumbering exempt property of a kind specified in 11 U.S.C. 522(f). Unless such creditor filed a timely objection to the confirmation of this plan, then upon confirmation of the plan the property encumbered by the lien shall vest in the debtor free and clear of the lien and the claim of the creditor shall be allowed as unsecured and paid with other allowed unsecured claims.

      Creditor                                                Property

      None

      d.    The trustee from time to time during the period of extension may increase or reduce any amount of the installment payments provided by the plan or extend or shorten the time for any such payments, where the circumstances of the debtor so warrant or require; provided, that any moratorium on payments or reduction in amount in excess of a period of 90 days must be with court approval.

      e.    Should this Plan not be confirmed, or be dismissed at any time after confirmation, the Trustee shall return to debtors all undistributed funds by delivery to Alexander P. Galyon, Beving, Swanson & Forrest, P.C., 321 E. Walnut, Suite 200, Des Moines, IA  50309.

      f.    The debtor further represents an ability to carry out this plan, that it is in good faith, and is their best effort.

Dated:  09/08/2011                      /s/  Mark W. Vickroy
                                               Mark Wesley Vickroy
                                               Debtor


                                               /s/  Alex P. Galyon
                                               Alexander P. Galyon
                                               Attorney for Debtor

Summary of Debts scheduled to be paid in plan:

| | |
|---|---|
| Administrative Priority | $ 1,000.00 |
| Secured or partially secured: | $ 10,682.00 |
| Unsecured priority: | $ 1,000.00 |
| Unsecured: | $ 49,937.59 |
| (Includes unsecured portions of secured claims) | |
| **TOTAL:** | **$ 62,619.59** |

**CERTIFICATE OF SERVICE**: By signing above, the attorney certifies that on this 8th day of September, 2011, this document was filed electronically in the United States Bankruptcy Court, for the Southern District of Iowa.  The parties listed below will receive notice electronically.

US Trustee USTPRegion12.DM.ECF@usdoj.gov
Albert C. Warford, Trustee Chapter13@qwestoffice.net